

KILPATRICK TOWNSEND & STOCKTON LLP
www.kilpatricktownsend.com

Eighth Floor, Two Embarcadero Center
San Francisco, CA 94111
t 415 576 0200  f 415 576 0300

Gia L. Cincone
direct dial 415 273 7546
direct fax 415 723 7173
gcincone@kilpatricktownsend.com

August 12, 2014

Magistrate Judge Jacqueline Scott Corley
San Francisco Courthouse, Courtroom F – 15th Floor
450 Golden Gate Avenue
San Francisco, CA  94102

Re:   *Rhapsody International Inc. v. Ryan Lester, et al*.
      U.S.D.C. ND Cal., No. 3:13-cv-5489 CRB (JSC)

Dear Judge Corley:

Plaintiff Rhapsody International Inc. hereby brings to the Court's attention the failure of Defendants Ryan Lester and Napster.fm, LLC to comply with the Court's August 1, 2014 Order on various discovery matters.  Defendants' violations are extremely prejudicial to Rhapsody at this point, as Rhapsody is unable to prepare for the depositions that the Court ordered should proceed on August 18, 2014.  Rhapsody requests further relief as set forth below and hereby requests sanctions for Defendants' violations of this Court's discovery order.

The facts concerning the parties' discovery disputes are set forth in the accompanying Declaration of Gia Cincone and were previously brought before the Court in Defendants' Motion to Request Extensions of Time (Doc. 57), Rhapsody's Motion to Amend Scheduling Order (Doc. 59), and Rhapsody's Motion to Compel (Doc. 67).  Briefly, Rhapsody served written discovery on both defendants on May 16, 2014.  Defendants failed to serve responses by the deadline (June 19, 2014), nor did they request an extension of time to respond.  Defendants' untimely discovery responses were served on June 30.  Rhapsody sent Defendants a meet and confer letter regarding those responses on July 3, and a telephonic meet and confer was conducted on July 8.  During that telephone conference and as confirmed in subsequent correspondence, Defendants' counsel promised to provide supplemental discovery responses and a document production by July 11.  The promised responses and documents were never served.

On June 27, 2014, Rhapsody served a deposition notice for Tim Iversen, who signed Defendants' purported "valuation report," noticing the deposition for July 14.  Mr. Iversen was served with a deposition subpoena on July 1.  Defendants' counsel subsequently informed Rhapsody that Mr. Iversen was not available for deposition on July 14, but did not provide alternative dates.

Magistrate Judge Jacqueline Scott Corley
August 12, 2014
Page 2

On July 9, Defendants filed a motion to extend the discovery cutoff and all case management dates; Rhapsody opposed that motion, which the Court eventually denied for lack of good cause. Because Defendants' witnesses were not available prior to the discovery cutoff and Defendants refused to stipulate to allow Rhapsody to conduct their depositions after the cutoff, Rhapsody filed a motion on July 10 to permit the depositions to go forward after the close of discovery. On July 21, Rhapsody filed a motion to compel further discovery responses and production of documents from Defendants. All of these motions were heard on August 1. By order issued that same day (Doc. 74), this Court ordered Defendants to provide deposition dates for Mr. Iversen by close of business Monday, August 4, 2014, and ordered Defendants to respond to Rhapsody's written discovery and document requests by Friday, August 8, 2014.

As of this date, Defendants have not provided Rhapsody with any deposition dates for Mr. Iversen. Moreover, Defendants have not served further discovery responses, nor have they produced a single document in this litigation.

Accordingly, Rhapsody requests that the Court grant the following relief:

1. Order Defendants to serve supplemental discovery responses and a complete document production by August 15, 2014, with the proviso that all objections other than privilege objections have been waived;

2. Order that the depositions of Ryan Lester and Nesha Khargie, previously set by the Court for August 18, be set for September 9 and 10, 2014, to allow Rhapsody the opportunity to review Defendants' supplemental discovery responses and documents;

3. Order that the deposition of Tim Iversen be set for September 11, 2014; and

4. Warn Defendants that any further violations of the Federal Rules of Civil Procedure or the rules or orders of this Court could result in additional sanctions, including without limitation orders that certain facts be taken as established, that Defendants be prohibited from opposing certain claims, and/or that Defendants' answer be stricken and default judgment entered against Defendants.

Rhapsody also requests monetary sanctions for Defendants' violations of the Court's August 1 discovery order. Federal Rule of Civil Procedure 37(b)(2)(C) provides that the Court "must" order a party who disobeys a discovery order, the party's attorney, or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." There is no justification for Defendants' repeated failures to comply with their discovery obligations under the Federal Rules of Civil Procedure and the rules of this Court, or to comply with the Court's order of August 1, 2014. Rhapsody therefore requests monetary sanctions in the amount of $13,432.05. As set forth in the accompanying Declaration of Gia Cincone, this amount represents Rhapsody's attorneys' fees associated with the discovery motions that were heard on August 1 and the instant request.

Magistrate Judge Jacqueline Scott Corley<br>
August 12, 2014<br>
Page 3

Very truly yours,

KILPATRICK TOWNSEND & STOCKTON LLP

By: <u>/s/ *Gia L. Cincone*       </u>

GIA L. CINCONE
Attorneys for Plaintiff
RHAPSODY INTERNATIONAL INC.

66483408V.1